**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARSENIO K. WASHINGTON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-4465** |
| | : | |
| **CITIZENS BANK, *et al.*** | : | |
| **Defendants.** | : | |

**ORDER**

**AND NOW**, this 25th day of August, 2026, upon consideration of Plaintiff Arsenio K. Washington's Motion to Proceed *In Forma Pauperis* (Doc. No. 1), Complaint (Doc. No. 2), Motion for Service (Doc. No. 3), Emergency Motion for Temporary Restraining Order (Doc. No. 8), Motion to Set Aside (Doc. No. 9), Motion to Compel Docketing (Doc. No. 10), Motion for Appointment of Counsel (Doc. No. 11), Emergency Motion for Return, Preservation, and Protection of Property Interests (Doc. No. 12), and Emergency Motion for Early Expedited Discovery (Doc. No. 13), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. The Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE**, for the reasons stated in the Court's accompanying Memorandum, as follows:

a. All claims against Judge DelRicci, ALJ Derek Dale, Chief ALJ Tracy L. Henry, Montgomery County Correctional Facility, and the Philadelphia Office of Homeless Services, Citizens Bank, Sheraton Brooklyn Hotel, Montgomery County Correctional Facility, Denise Maldonado also known as Denise Marone, James E. Tone, Kevin A. Carson, CADCOM, Your Way Home, Access Services, ACLAMO, Genesis

Housing, SELF, Inc, ODAAT, NDC Asset Management, YWH ERUC, Roxboro Memorial Hospital, Penn Medicine, PNC Bank, Consumer Financial Protection Bureau, Internal Revenue Service, Jason Zhang, Cubesmart Storage, Rocket Lawyer, PECO, Apple, Google, Marriott International/Sheraton Brooklyn New York Hotel, BMI, Adult Force, ACORNS, Equifax, T-Mobile/Metro PCS (and related entities), United Healthcare, Prevention Point, Sunday Breakfast Rescue Mission, and Lifepath Christian Ministries are **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to **TERMINATE** the above listed individuals and entities as Defendants.

b. All claims against the United States Consumer Financial Protection Bureau, Internal Revenue Service, Social Security Administration, and United States Treasury Department are **DISMISSED WITHOUT PREJUDICE** as barred by sovereign immunity. The Clerk of Court is **DIRECTED** to **TERMINATE** the above listed entities as Defendants.

c. The claims for money damages against the Delaware Division of Child Support Services; the Commonwealth entities Pennsylvania Department of Labor & Industry, Pennsylvania Treasury Department, Pennsylvania's 61st Legislative District, Montgomery County Adult Probation Department, Montgomery County Court of Common Pleas, Pennsylvania Department of Human Services and its Bureau of Hearing and Appeals, Lancaster County Court of Common Pleas, Pennsylvania Department of Transportation, and Philadelphia Adult Probation/Parole Office; as well as any official capacity claims against Commonwealth employees April Mocarsky and all named Court Clerks, are **DISMISSED WITHOUT PREJUDICE** as barred by the Eleventh Amendment. Any claim against Mocarsky based on her being a witness is **DISMISSED**

**WITH PREJUDICE**. **No amendment of these money damages and official capacity claims is permitted**. All other claims against Mocarsky, and all claims against Commonwealth and Delaware entities seeking nonmonetary relief are **DISMISSED WITHOUT PREJUDICE** for failure to state a plausible claim.

d. All claims against Jediah Grobstein, the Montgomery County Sheriff's Office, Philadelphia Housing Authority, Prime Healthcare, Inc, SEPTA Transit Police, Clint Sickel, Rise Above, Unknown Medical Personnel, Unknown DHS Supervisors, Unknown BHA Personnel, and Additional John Doe Defendants are **DISMISSED WITHOUT PREJUDICE** for failure to state a plausible claim.

e. All state law claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

4. In light of Washington's Complaint being dismissed, Washington's Motion for Service (Doc. No. 3), Emergency Motion for Temporary Restraining Order (Doc. No. 8), Motion to Set Aside (Doc. No. 9), Motion to Compel Docketing (Doc. No. 10), Motion for Appointment of Counsel (Doc. No. 11), Emergency Motion for Return, Preservation, and Protection of Property Interests (Doc. No. 12), and Emergency Motion for Early Expedited Discovery (Doc. No. 13), are **DENIED as MOOT**.

5. Washington may file an amended complaint within **thirty (30) days** of the date of this Order. Washington may **not** include in an amended complaint any claim against the State of Delaware (or a Delaware state entity), which must be brought in a court where venue would be appropriate. He may **not** include any claim already dismissed with prejudice or rename any party that has already been terminated from this case.

6. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Washington's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Washington should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall **not** make service until so **ORDERED** by the Court.

7. The Clerk of Court is **DIRECTED** to send Washington a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Washington may use this form to file his amended complaint if he chooses to do so.

8. If Washington does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within **thirty (30) days** of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court

"expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

9. If Washington fails to file any response to this Order, the Court will conclude that Washington intends to stand on his Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239–40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**IT IS SO ORDERED.**

***/s/ Karen Spencer Marston***

**KAREN SPENCER MARSTON, J.**

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).